**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| ROBERT LEE FOSTER, )<br>#194085, )<br>) | CIVIL ACTION NO. 9:14-3853-TMC-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CECILIA REYNOLDS, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on September 30, 2014.[1]

The Respondent filed a return and motion for summary judgment on July 6, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 7, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner filed a response in opposition on July 15, 2015, a second response in opposition on July 30, 2015, and a declaration on August 24, 2015.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



This matter is now before the Court for disposition.[2]

### Procedural History

Petitioner was indicted in Spartanburg County in May 2008 for possession with intent to distribute cocaine base (crack cocaine). [Indictment No. 08-GS-42-2261]. (R.pp. 211-212). Petitioner was represented by William H. McPherson, Esquire, and after a jury trial on May 19-20, 2008, was found guilty as charged. (R.pp. 1-201). Petitioner was sentenced to twenty (20) years imprisonment. (R.pp. 209, 213).

Petitioner filed a direct appeal in which he was represented by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense. Counsel raised the following issue:

> The lower court erred in allowing appellant's prior drug paraphernalia conviction to be admitted into evidence for the purpose of impeachment because the prejudicial value of this evidence outweighed the probative value.

See Court Docket No. 35-3, p. 4.

On June 29, 2010, the South Carolina Court of Appeals entered an order affirming Petitioner's conviction. See Court Docket No. 35-5. The remittitur was issued on July 15, 2010. See Court Docket No. 35-6. Petitioner thereafter filed a petition on August 26, 2010, which the Court of Appeals construed as a motion to recall the remittitur. The Court denied the motion on September 28, 2010, finding no error in the sending of the remittitur since no petition for rehearing was timely filed. See Court Docket No. 35-7. Petitioner also sought a petition for writ of certiorari in the

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Supreme Court of South Carolina; however, the Supreme Court dismissed the filing on December 7, 2010, finding the remittitur had already issued and jurisdiction was no longer with the appellate court. See Court Docket No. 35-8.

On December 21, 2010, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Foster v. State of South Carolina, No. 2010-CP-42-6718; raising the following issues:

> Ineffective assistance of counsel/ subject matter jurisdiction / failure to file a directed appeal/ wrongful sentence / defected indictment / arrest warrant / Brady violation / right to confront accuser at preliminary hearing.

(R.p. 217).

Petitioner was represented in his APCR by John R. Holland, Esquire, and an evidentiary hearing was held on Petitioner's application on June 15, 2012. (R.pp. 244-288). In an order dated August 1, 2012 (filed September 4, 2012), the PCR judge denied relief on the APCR in its entirety. (R.pp. 291-300).

Petitioner filed a timely appeal of the PCR court's order denying his first APCR. Petitioner was represented on appeal by Kathrine H. Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition seeking to be relieved and raising the following issue:

> Was counsel ineffective in failing to specifically object to the admission of drugs in evidence based on the fact that the State failed to call the evidence technician, MyInor Beech, to establish a complete chain of custody?

See Court Docket No. 35-10, p. 3.

Petitioner also filed an appellate pro se petition. See Court Docket No. 35-12. On August 12, 2014,

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).



the South Carolina Court of Appeals granted counsel's motion to be relieved and denied Petitioner's writ of certiorari. See Court Docket No. 35-13. Petitioner then filed a document which the South Carolina Court of Appeals construed as a petition for rehearing, which it denied. See Court Docket No. 35-14. The Remittitur was sent down on October 29, 2014. See Court Docket No. 35-15.

In the interim, however, Petitioner had filed a second APCR on July 11, 2012 [2012-CP-42-2921], raising the following issues:

> **Ground One:** Ineffective Assistance of Counsel "PCR" Title 17-23-61
>
> **Ground Two**: Prior conviction for enhancement of 3rd offense
>
> **Ground Three:** Indictment does not meet, S.C. Title 17-19-10, 17-19-20, 17-19 [not legible] amend day of trial.

See Court Docket No. 35-16, p. 3.

In a conditional order filed October 10, 2013 (dated October 9, 2013), the PCR court advised Petitioner that it intended to dismiss Petitioner's second APCR as successive and time barred, but allowed Petitioner time to present any arguments for why such order should not become final. See Court Docket No. 35-18. Petitioner responded to the Conditional Order of Dismissal on December 2, 2013; see Court Docket No. 35-19; and also filed a notice of appeal in the Supreme Court of South Carolina in February 2015, which the Court dismissed, without prejudice on March 19, 2015, given that no final ruling had been entered. See Court Docket No. 35-20. Petitioner's second APCR is still apparently pending in the circuit court. http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails (C/A 2012-CP-42-02921)(last checked August 25, 2015).

In his Petition for writ of habeas corpus filed in this United States District Court,



Petitioner raises the following issues:[4]

> **Ground One:** PCR counsel was ineffective assistance of counsel and failure to preserve Petitioner 14th Amendment.
>
> **Supporting Facts:** Petitioner file [sic] a second PCR application on July 11, 2012 after reading <u>Martinez v. Ryan</u> [565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012)]; and later reading <u>Wainwright v. Sykes</u> [433 U.S. 72 (1977)]. Petitioner first post conviction counsel was ineffective in failing to raise any claims in the first notice of post conviction relief and in failing to notify <u>Martinez</u> of her actions.
>
> **Ground Two:** Petitioner file [sic] his federal habeas corpus on December 9, 2014 with the Honorable United District Court.
>
> **Supporting Facts:** Petitioner argued that his trial, appellate counsel and PCR counsel's [sic] were all ineffective for not addressing that Petitioner has receive a harsher sentencing beyond the maximum of the state statutes, as the trial court allow [sic] the state to use erroneous enhancement with wrong CDR Code 3039 with 0450 44-53-375 (C)(1)(A) 3 - 10 years sentence as the Petitioner serving an [sic] 85% unconstitutional.
>
> **Ground Three:** Petitioner argued their [sic] is miscarriage of justice to invoke wrongful imprisonment (s).
>
> **Supporting Facts:** Petitioner assert [sic] that he has served 7 yrs. 3 mos. of this illegal sentence that was impose [sic] by the trial judge, trial counsel, and prosecutor who has violate [sic] the federal law to impose a sentence (44-53-375(c)(1)(A) that is 10 yrs beyond the statutory sentence as Petitioner 85% is also unconstitutional.
>
> **Ground Four:** Petitioner PCR counsel was ineffective assistance of counsel as his client serve [sic] time in a Level 3 Institution.
>
> **Supporting Facts:** Petitioner PCR counsel's did violate his Sixth Amendment right during his first tier review as counsel allow [sic] Petitioner fundamental right to be denied. . . As Petitioner is serving an unconstitutional sentence. Petitioner assert [sic] once this ten year probation period was up dealing with this 85% then everything go back to it original sentence guideline.

---

[4]In her brief, the Respondent refers to and discusses Petitioner's issues as outlined in Petitioner's initial petition. However, Petitioner filed an amended petition. See Court Docket No. 4. Therefore, the undersigned has discussed Petitioner's claims as set forth in the Amended Petition. Two of the issues are numbered differently in his amended petition, and he also changed two of his issues.



See Amended Petition (Court Docket No. 4), pp. 6, 8-9, 11 [errors in original].

### Discussion[5]

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow for the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

With regard to Petitioner's allegations in Ground One, part of Ground Two[6], and Ground Four, in which he alleges that his PCR counsel was ineffective for various reasons, these

---

[5] Since neither party has moved to stay this action based upon Petitioner's successive APCR, which is apparently still pending in state court, the undersigned has proceeded to address the issues presented in this petition. See also Ivey v. Catoe, 36 Fed.Appx. 718, 734 (4th Cir. 2002)[denial of motion to stay federal habeas petition based on a successive collateral petition pending in state court was not abuse of discretion]; Wainwright v. Secretary, Dep't of Corrections, 537 F.3d 1282, 1287 n. 4 (11th Cir. 2007)[denying motion to stay appeal pending disposition of a successive motion for collateral relief in state court].

[6] In Ground Two, Petitioner contends that his PCR, trial, and appellate counsel were all ineffective. This section only deals with the part of Ground Two alleging ineffective assistance of PCR counsel. Petitioner's claims of ineffective assistance of trial and appellate counsel in Ground Two are discussed separately. See discussion, infra.



allegations concern alleged infirmities in Petitioner's state PCR proceeding, and as such are not a basis for federal habeas relief.  See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir.1988) [claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995), cert. denied, 518 U.S. 1–22(1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."]; Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam) ["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."].

While, under certain circumstances, the conduct of PCR counsel in failing to raise or pursue a claim can constitute "cause" for the default of that *underlying* claim, the conduct of PCR counsel is not itself an independent claim.  See also 28 U.S.C. § 2254(i)["The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."]; Martinez, 132 S.Ct. at 1320 [acknowledging that § 2254(i) precludes [a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"](quoting Holland v. Florida, 130 S.Ct. 2549, 2563 (2010)); Auls v. Cohen, No. 11-2930, 2013 WL 496239 at *3 (D.S.C. Feb. 6, 2013)[finding allegation "PCR counsel was ineffective . . . is not a proper basis for a § 2254 petition," citing 28 U.S.C. § 2254(i)].

Therefore, Petitioner has failed to state a basis for relief in his federal petition based on the alleged ineffective assistance of counsel in his PCR proceeding.  Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) [errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief].  Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief based on these claims.  Wright



v. Angelone, 151 F.3d 151, 159 (4th Cir.1998) [alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]; Nichols, 69 F.3d at 1275; Hassine, 160 F.3d at 954.

## II.

With regard to the remaining claim in Ground Two of his Petition, Petitioner contends that his trial counsel and appellate counsel were both ineffective for not addressing the issue of Petitioner receiving a harsher sentencing beyond the maximum sentence allowed under state law. However, Petitioner did not raise ineffective assistance of trial counsel and/or appellate counsel arguments in his PCR proceedings on this basis. See (R.pp. 292-293). Hence, since Petitioner did not properly pursue this claim in his state court proceedings, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted[7]. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted

---

[7]Although Petitioner has a second PCR case currently pending, in which a conditional order dismissing the action as successive and time barred has been issued, this claim in Ground Two has not been raised in that proceeding. See Court Docket No. 35-16. Rather, instead of raising ineffective assistance of trial and appellate counsel claims on this basis in his second APCR, he has raised claims of ineffective assistance of PCR counsel and with respect to the underlying claim itself. See Court Docket No. 35-16, p. 3.



under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because this issue was not *properly* pursued and exhausted by the Petitioner in state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez, 132 S.Ct. at 1316; Wainwright v. Sykes, supra; Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

It appears that Petitioner may be arguing, as "cause" for why he should be allowed to pursue this claim, that any default is due to the ineffective assistance of his PCR counsel. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S.

9



at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)["[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"]; Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).  Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and ordinarily would not therefore constitute "cause" for a procedural default.  Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998); see also, discussion, Section I, supra.

However, in Martinez the Supreme Court carved out a "narrow exception" that modified

"the unqualified statement in Coleman that an attorney's ignorance or inadvertence

10



> in a postconviction proceeding does not qualify as cause to excuse a procedural default." Martinez, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons. First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." Id. at ___, 132 S.Ct. at 1317.
>
> Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim. Id. at ___, 132 S.Ct. at 1316, 1317. But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review. Id. at ___, 132 S.Ct. at 1317-1318. That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim." Id. at ___, 132 S.Ct. at 1318.
>
> Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of counsel claim during initial-review collateral proceedings, could (were Coleman read broadly) deprive a defendant of any review of that claim at all. Martinez, supr a at ___, 132 S.Ct. at 1316.
>
> We consequently read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." Martinez, supra at ___, 132 S.Ct. at 1318-1319, 1320-1321.

Trevino v. Thaler, 133 S.Ct. 1911, 1917-1918 (2013); see also Gray v. Pearson, 526 Fed. Appx. 331, 333 (4th Cir. June 7, 2013)["The Supreme Court had previously held in Coleman that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish 'cause' to excuse a procedural default. Coleman, 501 U.S. at 757. The Court established an exception to that rule in Martinez."] Therefore,



because, under South Carolina law, a claim of ineffective assistance of trial and/or appellate counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 526 Fed.Appx. at 333, at fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause"for his default has been considered hereinbelow under the revised standard of Martinez and Trevino.

Under the first requirement of the Martinez exception, Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." Gray, 526 Fed.Appx. at 333. Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claim of ineffective assistance of trial and/or appellate counsel if it had been raised by PCR counsel in his APCR. Secondly, Petitioner must then show that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding for not raising this claim. Ford v. McCall, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013)(citing Horonzy v. Smith, No. 11-234, 2013 WL 3776372 at * 6 (D.Idaho Sept. 12, 2012)["The application of the Strickland test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."]. For the reasons set forth hereinbelow, Petitioner has failed to show entitlement to relief under this standard with respect to his PCR counsel.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the



Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Id. at 694. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). After careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that his trial and/or appellate counsel was ineffective under this standard; Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir.1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; and as a result of this finding, any claim of ineffectiveness of PCR counsel also fails as there was nothing "objectively unreasonable" about PCR counsel not having raised this issue. Trevino, 133 S.Ct. at 1917-1918. Therefore, Petitioner has also failed to show any "cause" in order to overcome his procedural bar. Gray, 526 Fed.Appx. at 333.

First, with regard to his claim of ineffective assistance of appellate counsel, Petitioner has not disputed that this underlying claim was not preserved at his trial, and since the issue was not preserved at trial, Petitioner's appellate counsel could not have raised the issue on appeal.[8] State v.

---

[8]Petitioner's trial counsel did object to the consideration of the prior convictions for sentencing purposes on the basis that Petitioner may not have been represented by counsel on one or more of his previous charges. (R.pp. 203-205). However, the trial Court found that Petitioner *was* represented by counsel on both of the prior convictions used for enhancement purposes, and in any event that is not the basis of Petitioner's argument in Ground Two. (R.pp. 203-205). Even so, assuming arguendo that Petitioner did intend to make that argument in support of Ground Two, the Court has addressed that issue as part of Petitioner's ineffective assistance of trial counsel claim and finds it to be without merit. See discussion, infra.



Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."].  Hence, Petitioner cannot show his appellate counsel's performance was deficient, and therefore this claim fails to meet the "substantial" criteria (i.e., that the claim "has some merit") to warrant consideration under the Martinez exception.  Gray, 526 Fed. Appx. at 333.

With respect to whether Petitioner's assertion that his trial counsel was ineffective on this basis is a sufficiently "substantial" claim under Martinez, the record reflects that at sentencing the State represented to the Court that Petitioner had prior drug convictions - "one in 1984, simple possession of marijuana.  He actually has three convictions in 1985 for simple possession of marijuana.  He has a distribution of cocaine conviction in 1993."  (R.p. 202).  The State also presented two certified copies of the Petitioner's convictions.

> The first is Indictment 92-GS-42-5959.  That is a true-billed indictment in which the defendant was found guilty of distribution of crack cocaine.
>
> The next, Your Honor, is Indictment 85-GS-42-1774.  That is an indictment for unlawful drugs.  It's, more specifically, an indictment for possession of marijuana second offense.  The date of that offense was May 1st of 1985.  The state also has a certified conviction documenting that conviction.
>
> Your Honor, based on these two certified convictions which [Petitioner's trial counsel] is examining right now and which I will hand up to the Court, it's the state's position he does have two prior convictions which would make this a possession with intent to distribute crack third offense, and he should be sentenced accordingly.  Thank you.

(R.p. 203).

Petitioner's trial counsel objected that Petitioner was not represented by counsel in either of those two cases and they could not therefore be used against him.  However, the sentencing



judge examined the records provided and determined that Petitioner was represented by counsel in both of those cases, and that these two convictions could properly be considered for sentencing enhancement purposes. (R.pp. 203-205). The State then reviewed Petitioner's other convictions, and when Petitioner said that he disputed some of them, the sentencing judge queried Petitioner as to what he disputed. Petitioner then first narrowed down what he disagreed with, but then said that he was "not going to worry about it." (R.pp. 207-208). Even so, the sentencing judge said that he himself was "not even going to consider them. It's just not that significant." (R.p. 208). The following exchange then took place:

> **Court**: But you agree you've got a – you agree with your drug convictions. You know you've got a prior distribution. You agree with the prior conviction for armed robbery?
>
> **Petitioner**: Nah. I been convicted of them because I was actually guilty of them, yes, sir.
>
> **Court**: That's what I'm saying. You agree with all of those.
>
> **Petitioner**: Yes.
>
> **Court**: Okay. Anything else you want to tell me?
>
> **Petitioner**: No, sir.

(R.p. 209).

In sum, as is shown in the transcript, the sentencing judge found that Petitioner had the prior convictions at issue and that they were properly considered for purposes of sentencing enhancement on Petitioner's current conviction. Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can



be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). Further, this Court's review of the State Court's decision is also limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].

Here, the State Court made specific findings with regard to Petitioner's prior convictions which were used to enhance his sentence. There is no basis in this record to overturn the findings of the trial court with regard to Petitioner's prior convictions, which were used for enhancement of his sentence, or to find that Petitioner's claim that his trial counsel was ineffective for failing to further argue against enhancement of Petitioner's sentence under state law presents any "substantial" claim which would have provided Petitioner relief if it had been properly raised in his PCR proceedings. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations



when seeking a writ of habeas corpus]. Specifically, Petitioner has not provided the Court with any evidence that the trial court erred in its consideration of his prior convictions for enhancement purposes, nor has he shown that if his trial counsel had made additional objections, or if his appellate counsel had raised an issue regarding these prior convictions on appeal, that the outcome of his trial (specifically his sentencing) or appeal would have been different.

By failing to show any substantial ineffective assistance on this claim, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254; see also discussion, supra.

### III.

Finally, Petitioner also argues in his Ground Three (and also implicitly as part of his Ground Two) that he is entitled to relief because the sentence he received has resulted in a "miscarriage of justice". This issue has already been considered as part of the ineffective assistance of counsel analysis hereinabove and found to be without merit as well as procedurally barred. See, discussion, supra.

To overcome the procedural bar, Plaintiff would need to establish his actual innocence or that a miscarriage of justice will occur if this claim is not considered. However, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that



was not presented in any of his prior court proceedings which supports his innocence on the criminal charge, or to show that his sentencing was improper. See <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; <u>Doe</u>, 391 F.3d at 161 (quoting <u>Schlup</u> for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254; <u>see also</u> discussion, <u>supra</u>.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
August 28, 2015                              Bristow Marchant
Charleston, South Carolina            United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

