IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Foster, #194085, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:14-3853-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Cecilia Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 34) be granted and Petitioner's petition be dismissed with prejudice. (ECF No. 42). Petitioner was advised of his right to file objections to the Report, and he filed timely objections. (ECF No. 45). Accordingly, this matter is now ripe for review.

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id.*

As noted above, Petitioner filed objections to the Report which the court has carefully reviewed. Petitioner's objections mostly fail to address any of the dispositive portions of the

1

Report; specifically, whether Petitioner's claims are not cognizable in a federal habeas petition or whether they are procedurally barred. Petitioner reasserts that PCR counsel was ineffective as a ground for habeas relief. (ECF No. 45 at 4). The magistrate judge addressed this assertion and noted that this is not a cognizable claim in a petition for habeas corpus. (ECF No. 42 at 6–7). As to ground 2 of his petition, Petitioner claims that he alleged sufficient facts to create an exception to the statute of limitations and the prohibition against successive petitions. (ECF No. 45 at 6). The magistrate judge determined that part of ground 2 was not cognizable in a habeas petition and the other part of ground 2 was procedurally barred because Petitioner did not pursue the claim in his state court proceedings. (ECF No. 42 at 6–8).

Petitioner asserts his claim of ineffective assistance of PCR counsel is sufficient to bypass a procedural bar. (ECF No. 8–10). To demonstrate cause for procedural bypass based on the ineffective assistance of PCR counsel, Petitioner would have needed to show:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez v. Ryan*, 132 S. Ct. 1309, 1318–19, 1320–21 (2012)). In his well-written Report, the magistrate judge thoroughly discussed these elements and their application to the facts of this case, and concluded that Petitioner is not entitled to procedural bypass. Petitioner has failed to show that the underlying ineffective assistance of counsel claim has merit. *See Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013) (stating that a Petitioner has a "substantial claim" when he shows that the

2

underlying ineffective assistance of trial counsel claim has merit (quoting *Martinez*, 132 S. Ct. at 1318)).

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Petitioner's objections are without merit and adopts the Report. Accordingly, Respondent's motion for summary judgment (ECF No. 34) is **GRANTED**, and Petitioner's petition is **DISMISSED** with prejudice.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

October 8, 2015
Anderson, South Carolina

3